```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X    NOT FOR PUBLICATION
KIMBERLY WATSON,

                        Plaintiff,                                   **MEMORANDUM
                                                                     AND ORDER**
            -against-                                                17-CV-4150 (PKC) (LB)

WILLIAMSBURG COLLEGIATE CHARTER,
ALEXANDRA BRONSON, and NATALYA SHULGA,

                        Defendants.
----------------------------------------------------------------X
```
PAMELA K. CHEN, United States District Judge:

On July 11, 2017, Plaintiff Kimberly Watson, appearing *pro se*, filed this action alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17 against her former employer, Willliamsburg Collegiate Charter School. By Order dated July 20, 2017, the Court denied Plaintiff's request to proceed *in forma pauperis*. On August 1, 2017, Plaintiff paid the filing to commence this action. (*See* Dkt. 4.) For the following reasons, the Court directs Plaintiff to file an amended complaint as set forth below.

## BACKGROUND

Plaintiff was employed by Defendant as a school social worker. On July 11, 2017, she filed a complaint against Defendant, utilizing the Court's form for employment discrimination actions. (Dkt. 1.) In her complaint, she designated Title VII as the basis for jurisdiction and stated that her employer discriminated against her based on her race and religion. (*See* Dkt. 1 at 5-6.) In Plaintiff's statement, she alleges that in January 2016, a survey was circulated to all staff to select their religious preferences. (*Id.* at 5, 8.) Plaintiff alleges that she selected "other" and explained that she does not have a strong connection to any religion. (*Id.*) After submitting the survey, Plaintiff alleges that her interactions with Principal Alexandra Bronson and Director of Operations

1

Natalya Shulga "shift[ed]." Plaintiff said she felt "excluded" and "conversations would end abruptly when I came around." (*Id.* at 8.) Plaintiff stated that she was moved to an office on the third floor of the school building, away from the main floors of the charter school. (*Id.* at 9-10.) She expressed reservations about the condition of the room, which was filled with metal and old equipment. (*Id.* at 12.) In March 2016, Plaintiff received a negative performance evaluation, despite having received positive evaluations for the prior three years of her employment at the charter school. Plaintiff was notified that if she did not improve she would be terminated. (*Id.* at 13.) In April 2016, Plaintiff was notified that she would be terminated as of the end of June. (*Id.* at 14.) On April 20, 2017, the Equal Employment Opportunity Commission issued a Dismissal and Notice of Rights. (*Id.* at 15.)

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The pleading standard is necessarily "less stringent" in the context of a *pro se* litigant, whose complaints the Court is required to construe liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions or privileges of employment, because of such individual's race,

color, religion, sex or national origin." 42 U.S.C. 2000e-2(a)(1). In the Title VII context, "at the initial stage of the litigation[,] . . . the plaintiff does not need substantial evidence of discriminatory intent," and need only "sustain a *minimal* burden of showing facts suggesting an inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (emphasis in original); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("[A] plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination."). "[A] plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d at 84 (internal quotation marks omitted). Nevertheless, "a discrimination complaint . . . must [still] at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (alterations and internal quotation marks omitted).

At present, Plaintiff's allegations suggest workplace issues that do not appear to be connected to a protected status, such as race or religion. "It is axiomatic that mistreatment at work … is actionable under Title VII only when it occurs because of an employee's . . . protected characteristic." *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001). Plaintiff's statement of claim does not contain any plausible allegations that Defendant took adverse action against her at least in part for a discriminatory reason. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d at 87. At most, Plaintiff suggests a temporal nexus between her completion of the religious preference survey and the alleged adverse actions taken against her. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir.2010) ("[W]ithout more ... temporal proximity is insufficient to

satisfy [Plaintiff's] burden to bring forward some evidence of pretext."). Since Plaintiff is *pro se*, the Court will allow her to file an amended complaint against Defendant alleging more facts to support her claim of employment discrimination based on religion, if they exist.

Plaintiff is also advised that Alexandra Bronson and Natalya Shulga are not proper defendants in a Title VII action. Title VII does not permit the imposition of liability on individual employees; rather, only the employer may be named. *Wrighten v. Glowski*, 232 F.3d 119, 120 (2d Cir. 2000) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995)). As a result, Plaintiff should file an amended complaint that removes the names of individual employees and lists only her employer.

## **CONCLUSION**

In light of Plaintiff's *pro se* status, the Court directs Plaintiff to file an amended complaint against her former employer within thirty (30) days from the entry of this Memorandum and Order. In the amended complaint, Plaintiff should provide facts to support a plausible claim that Defendant Williamsburg Collegiate Charter School discriminated against her in violation of Title VII. All further proceedings shall be stayed for 30 days. If plaintiff elects to file an amended complaint, it shall be captioned "AMENDED COMPLAINT" and bear the same docket number as this Order, 17-CV-4150 (PKC) (LB). The amended complaint shall replace the original complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

              */s/ Pamela K. Chen*
              Pamela K. Chen
              United States District Judge

Dated: Brooklyn, New York
    November 14, 2017